UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
LONDON

| | |
|---|---|
| VINCENT KEITH RAINES, ) | |
| ) | |
| Petitioner, ) | Civil Action No. 6:19-cv-00081-GFVT |
| ) | |
| V. ) | |
| ) | |
| GREGORY KIZZIAH, Warden, ) | **MEMORANDUM OPINION** |
| ) | **&** |
| Respondent. ) | **ORDER** |

\*\*\*  \*\*\*  \*\*\*  \*\*\*

Federal inmate Vincent Raines has filed a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. [R. 1] This matter is before the Court to conduct the screening required by 28 U.S.C. § 2243. *Alexander v. Northern Bureau of Prisons*, 419 F. App'x 544, 545 (6th Cir. 2011).

In September 2004, a federal grand jury in Gainesville, Florida indicted Raines on multiple counts of drug trafficking. Five months later, Gaines agreed to plead guilty to one count of violating 21 U.S.C §§ 841(a)(1) in exchange for the dismissal of the other charges. As part of that agreement, Gaines expressly agreed that he had violated 21 U.S.C §§ 841(b)(1)(A)(iii), which establishes a ten-year mandatory minimum sentence when the drug quantity involved is more than 280 grams of cocaine base. Raines also filed an accompanying "Factual Basis for Plea" which established prior drug sales to cooperating witnesses totaling more than double that amount. In May 2005, the trial court sentenced Raines to 294 months imprisonment, well above the mandatory minimum but within the applicable guidelines range. *United States v. Raines*, No. 1:04-CR-28-MW-GRJ-1 (N.D. Fla. 2004). Raines did not file a direct appeal, but he did file

numerous motions to vacate his conviction and sentence pursuant to 28 U.S.C. § 2255 and to reduce his sentence pursuant to 28 U.S.C. § 3582. Those motions were denied as untimely or without merit.

In his petition before this Court, Raines contends that the 10-year mandatory minimum sentence required by 21 U.S.C §§ 841(b)(1)(A)(iii) should not have been applied to him because the trial court never found that he had trafficked in excess of 280 grams of cocaine base. He suggests that this is so because the phrase "mixture or substance" was missing "from the indictment and from a sentencing determination." [R. 1 at Page ID #3] Raines relies upon several decisions of the Supreme Court, decided before and after his conviction and sentencing, but they discuss only the meaning of the phrase "mixture or substance" in § 841. [R. 1 at Page ID #3-7]

Raines' petition must be denied because he may not pursue his claim in a habeas corpus petition filed pursuant to 28 U.S.C. § 2241. A prisoner must challenge his federal conviction or sentence by filing a § 2255 motion in the court that convicted and sentenced him. *Capaldi v. Pontesso*, 135 F.3d 1122, 1123 (6th Cir. 2003). A prisoner may only challenge the enhancement of his federal sentence in a § 2241 petition if: (1) the petitioner's sentence was imposed when the Sentencing Guidelines were mandatory before the Supreme Court's decision in *United States v. Booker*, 543 U.S. 220 (2005); (2) the petitioner was foreclosed from asserting the claim in a motion under § 2255; and (3) after the petitioner's sentence became final, the Supreme Court issued a retroactively applicable decision establishing that - as a matter of statutory interpretation - a prior conviction used to enhance his or her federal sentence no longer qualified as a valid predicate offense. *Hill v. Masters*, 836 F. 3d 591, 595, 599-600 (6th Cir. 2016).

2

Raines fails to meet any of *Hill's* requirements to pursue his claim under § 2241. He was sentenced in May 2005, four months after *Booker* rendered the sentencing guidelines advisory. This alone is sufficient to deny the petition. *Arroyo v. Ormond*, No. 6: 17-CV-69-GFVT (E.D. Ky. 2017), *aff'd*, No. 17-5837 (6th Cir. April 6, 2018) ("Arroyo was sentenced in October 2006, after the Supreme Court's decision in *Booker* ... On this basis alone, Arroyo's claim does not fall within *Hill*'s limited exception for bringing a § 2241 habeas petition to challenge a federal sentence."); *Contreras v. Ormond*, No. 6: 17-CV-329-GFVT (E.D. Ky.), *aff'd*, No. 18-5020 at p. 2-3 (6th Cir. Sept. 10, 2018); *Anderson v. Ormond*, 352 F. Supp. 2d 767, 772 (E.D. Ky. 2018), *appeal filed*, No. 19-5010 (6th Cir. 2019). Notably, the sentence imposed by the trial court was a guidelines sentence well above the 10-year mandatory minimum required by Section 841(b)(1)(A)(iii), rendering his challenge to the application of that provision wholly unavailing.

In addition, Raines' challenge to the sufficiency of the indictment is precluded because he acknowledged that he had violated 21 U.S.C §§ 841(b)(1)(A)(iii) in both his plea agreement and through the facts established in the "Factual Basis for Plea" he filed with the trial court. Even if this were not so, any challenge to the sufficiency of the indictment or to the factual basis for the sentence imposed was one that he could, and therefore must, have pursued on direct appeal or in an initial motion under § 2255. The mere fact that he failed to do so does not render the remedy under § 2255 "inadequate and ineffective" to permit resort to the remedy afford by § 2241. *Capaldi v. Pontesso*, 135 F.3d 1122, 1123 (6th Cir. 2003); *Hill v. Masters*, 836 F. 3d 591, 595, 599-600 (6th Cir. 2016).

Accordingly, it is **ORDERED** as follows:

1.      The petition filed pursuant to 28 U.S.C. § 2241 by Vincent Raines [R. 1] is **DENIED** with respect to all issues raised in this proceeding.

2. This matter is **STRICKEN** from the active docket.

This the 26th day of March, 2019.

Gregory F. Van Tatenhove
United States District Judge